

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 98-30024-02 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MELVIN JOHNSON | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

On January 23, 2003, Magistrate Judge Karen L. Hayes issued a Report and Recommendation recommending that Petitioner Melvin Johnson's Motion to Vacate [Doc. No. 498] be denied. On March 31, 2003, the Court adopted that recommendation and denied Johnson's Motion to Vacate. *See* [Doc. No. 521].

On May 19, 2003, Johnson filed a Notice of Appeal [Doc. No. 523] to the Fifth Circuit Court of Appeals. On May 27, 2003, the Court denied a Certificate of Appealability [Doc. No. 526]. On October 29, 2003, the Fifth Circuit denied Johnson a Certificate of Appealability [Doc. No. 539]. Johnson requested en banc reconsideration, and, on December 18, 2003, a three-judge panel denied his motion for reconsideration of the denial of a Certificate of Appealability.

On March 15, 2004, Johnson filed a Petition for Writ of Certiorari with the United States Supreme Court, which was denied on June 7, 2004.

On August 10, 2004, Johnson filed an Application for Writ of Mandamus Pursuant to 28 U.S.C. § 1361 [Doc. No. 552] with this Court. Johnson requested that the Court compel the U.S. Attorney's Office to either (1) produce evidence to establish that it provided him with notice of

1

its intent to introduce 404(b) evidence through the testimony of Doris Dykes or (2) execute a declaration that it did not give him notice of its intent to introduce 404(b) evidence through the testimony of Doris Dykes.

On August 15, 2004, the Court denied Johnson's Application, explaining that any 404(b) notice should have been filed into the record in this matter and that notice has been provided to Johnson by the Clerk of Court. If the notice is not listed on the docket sheet, then it was not made part of the record.

Now, almost 2 ½ years after this Court's original Judgment, Johnson has filed the instant Rule 60 Motion for Reconsideration ("Rule 60 Motion") [Doc. No. 574]. Johnson contends that under Federal Rule of Civil Procedure 60(b)(6), the Court should set aside its March 31, 2003 Judgment because the Court applied too strict or stringent an application of the *Strickland* test and because the Court failed to find, *sua sponte*, that it lacked jurisdiction over Johnson's claims.

Rule 60(b) permits a court to grant relief from a final judgment for "any . . . reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). The Fifth Circuit, however, has held that "courts may treat motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, as Section 2255 motions." *United States v. Rich*, 151 F.3d 550, 552 (5 th Cir.1998) (federal prisoner's Rule 60(b) motion seeking relief from denial of a Section 2255 motion was properly treated as a successive Section 2255 motion because it attacked the validity of the prisoner's conviction). Because Johnson's 60(b) motion, which seeks relief from the denial of his Section 2255 motion, attacks the validity of his conviction and sentence, the Court considers it a successive Section 2255 motion. A successive motion attacking the validity of a conviction and

2

sentence under Section 2255 must be certified by a panel of the appropriate court of appeals before it can be heard by the district court. *In re Epps*, 127 F.3d 364 (5th Cir.1997).

This Court is without jurisdiction to consider Johnson's present Section 2255 motion until the Court of Appeals first grants him permission or leave to file the motion. *Id.* at 774. Therefore,

IT IS ORDERED that Johnson's Rule 60 Motion is DENIED for lack of jurisdiction. The Court's denial is without prejudice to Johnson's right to file a motion for leave to file a successive Section 2255 motion in the United States Court of Appeals for the Fifth Circuit. *Id.* at 364 (setting out requirements for filing a motion for authorization to file a successive habeas petition in the court of appeals).

MONROE, LOUISIANA, 19 day of April, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE